Seymour N. BLACKMAN et al.,
Appellants,

v.

HADRON, INC., Appellee.

No. 25, Docket 71-1307.

United States Court of Appeals,
Second Circuit.

Argued Sept. 14, 1971.

Decided Oct. 29, 1971.

**782**

Peter T. Cobrin, New York City (Kirschstein, Kirschstein, Ottinger & Frank, David B. Kirschstein, New York City, of counsel), for appellants.

Paul Fields, New York City (Yuter & Fields, S. C. Yuter, New York City, of counsel), for appellee.

Before MOORE, SMITH and HAYS, Circuit Judges.

PER CURIAM:

This is an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (1970) by Seymour N. Blackman ("Blackman"), the patent holder, and Omega Hospital Supply, Inc. and Ex-Ell Thermometer, Inc., licensees, from an order of the United States District Court for the Eastern District of New York, Orrin G. Judd, Judge, denying their motion under Fed.R.Civ.P. 41(a) (2) to dismiss their complaint against Hadron, Inc. ("Hadron"), an alleged contributory infringer of Blackman's patent, and granting Hadron's cross motion to file an amended answer which included a counterclaim attacking the validity of Blackman's patent. We find no error and affirm the order.

The original action was brought against Chase Instrument Corp. ("Chase") as the direct infringer of United States Patents Nos. 3,172,289 and 3,316,076, issued, respectively, on March 9, 1965 and April 25, 1967, to cover certain glass thermometers and the method of their manufacture. Hadron was named as a contributory infringer. The action resulted in a settlement with Chase. By the terms of the settlement, all past infringements were forgiven and Chase agreed in future not to use the Hadron apparatus, a thermometer trimming fixture useful only for trimming thermometers, in infringement of the suit patents. A similar agreement was reached with another Hadron customer, Kaye Thermometer Corporation, whose use of the laser device appeared during discovery. By consent, only the method patent, No. 3,316,076, as to which Hadron is charged with contributory infringement and inducing infringement, remains in the suit. A formal confession of non-infringement has been filed, releasing Hadron from all past infringements. Inasmuch as there are no other users of the trimmer, no charges of direct infringement are presently extant.

The question certified to this court is, in essence, whether there remains a justiciable controversy between Blackman and Hadron to support the district court's exercise of subject matter jurisdiction over Hadron's counterclaim. We hold that, despite the withdrawal of all charges of direct infringement, the use of actual or threatened infringement suits to deprive Hadron of its customers, coupled with charges of contributory infringements against Hadron, constitutes a present justiciable controversy. While it is true that, absent direct infringement, no action for contributory infringement can be maintained, Aro Manufacturing Co. v. Convertible Top Replacement Co., 365 U.S. 336, 81 S.Ct. 599, 5 L.Ed.2d 592 (1961), we have here only the forgiveness of past infringements, coupled with consensual termination of the action against the direct infringer, not a determination of non-infringement. Quite apart from the threat of future litigation, the grievous effects of the unresolved charges of

infringement already made linger on: its past customers discouraged, and prospective customers intimidated, by the litigious atmosphere in which the trimmer is offered for sale, Hadron finds itself without a market. See Muller v. Olin Mathieson Chemical Corp., 404 F.2d 501 (2d Cir. 1968); Wallace & Tiernan, Inc. v. General Electric Co., 291 F.Supp. 217 (S.D.N.Y.1968).

Critically different are the cases upon which Blackman relies, in all of which there was either an admission of non-infringement by the patentee as in Drew Chemical Co. v. Hercules Inc., 407 F.2d 360 (2d Cir. 1969) or a judicial determination of non-infringement as in Walker Process Equipment, Inc. v. FMC Corp., 356 F.2d 449 (7 Cir. 1966). Given such a final determination of non-infringement, and no actual new charges, "no case or actual controversy" continues to exist.

In the instant case, by contrast, the threat of infringement suit continues, if Hadron's apparatus is successfully marketed, causing Hadron serious and immediate harm. There is a present and real controversy amenable to judicial relief.

Affirmed.