**PREMO PHARMACEUTICAL LABORA-
TORIES, INC., Plaintiff,**

v.

**PFIZER PHARMACEUTICALS,
INC., Defendant.**

**No. 78 Civ. 5234 (MP).**

United States District Court,
S. D. New York.

March 5, 1979.

Kirschstein, Kirschstein, Ottinger & Cobrin, New York City, for plaintiff, by Peter T. Cobrin, New York City.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for defendant, by David Klingsberg, New York City.

## OPINION

POLLACK, District Judge.

Premo Pharmaceutical Laboratories, Inc., has sued for a declaratory judgment that two patents held by the defendant, Pfizer Pharmaceuticals, Inc., are invalid and not infringed by a drug product that Premo manufactures and sells. Pfizer has moved under Fed.R.Civ.P. 12(b)(1) and (6) to dismiss the complaint on the grounds that no actual controversy exists between the parties and therefore that the Court has no jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201.

For the reasons shown hereafter the complaint must be dismissed.

The requirements in this Circuit for an actual controversy under the Declaratory Judgment Act in a patent case were most recently summarized by Judge Lasker:

> In patent matters, case law has established two prerequisites to a finding of an actual controversy: (1) the owner of the patent (usually the defendant) must have charged plaintiff with infringement or at least threatened an infringement suit, either directly or indirectly; (2) the plaintiff must actually have produced or prepared to produce the accused article. (*Mine Safety Appliance Co. v. Energetics Science, Inc.*, 416 F.Supp. 530, 531 (S.D.N.Y.1976)).

*See also Muller v. Olin Mathieson Chemical Corp.*, 404 F.2d 501 (2d Cir. 1968); *Dr. Beck and Co. v. General Electric Co.*, 317 F.2d 538 (2d Cir. 1963); *Wembley, Inc. v. Superba Cravats, Inc.*, 315 F.2d 87 (2d Cir. 1963). There is no question that the second requirement is met here.

Premo argues that the requirement of a charge of infringement has been so far liberalized that "a declaratory action for the invalidity of a patent is justiciably ripe . . . if the plaintiff has a reasonable apprehension that it will face an infringement suit or the threat of one if it contin-ues the activity in question," even if the defendant has not charged infringement.

The requirement of a charge of infringement has been very liberally interpreted. A charge has been found in threatening letters to the plaintiff, or to one of its customers, potential customers, or licensees; in suits against a licensee or a manufacturer of a similar product; and in notices to the trade; as well as in actual suits against the declaratory plaintiff for infringement. *See, e. g., Blackman v. Hadron, Inc.*, 450 F.2d 781 (2d Cir. 1971) (suit for contributory infringement); *Broadview Chemical Corp. v. Loctite Corp.*, 417 F.2d 998 (2d Cir. 1969), *cert. denied*, 397 U.S. 1064, 90 S.Ct. 1502, 25 L.Ed.2d 686 (1970) (letters to plaintiff and its customers); *Muller v. Olin Mathieson Chemical Corp., supra*, (previous litigation between the parties over same patents; letter to plaintiff's licensee); *Joseph Bancroft & Sons Co. v. Spunize Co.*, 268 F.2d 522 (2d Cir. 1959) (suit against plaintiff's licensee); *Dewey & Almy Chemical Co. v. American Anode, Inc.*, 137 F.2d 68 (3d Cir.), *cert. denied*, 320 U.S. 761, 64 S.Ct. 70, 88 L.Ed. 454 (1943) (suit against manufacturer of similar product); *Lances v. Letz*, 115 F.2d 916 (2d Cir. 1940) (letter to plaintiff); *Leach v. Ross Heating & Mfg. Co.*, 104 F.2d 88 (2d Cir. 1939) (notice to trade; threats to prospective customers); *Mine Safety Appliance Co., supra*, (letter and oral communications to plaintiff); *Volkswagen of America, Inc. v. Engelhard Minerals & Chemicals Corp.*, 401 F.Supp. 1210 (S.D.N.Y.1975) (letter to plaintiff); *Blessings Corp. v. Altman*, 373 F.Supp. 802 (S.D.N.Y.1974) (charge of infringement in earlier arbitration between parties); *Wallace & Tiernan, Inc. v. General Electric Co.*, 291 F.Supp. 217 (S.D.N.Y.1968) (threats to defendant's licensees).

A careful reading of the cases satisfies the Court that an action taken by the defendant with respect to the challenged patent will be considered a charge of infringement if it inspires a reasonable apprehension of suit, not that a reasonable apprehension of suit itself creates an actual controversy, whether or not it was inspired by action of the defendant.

In *Super Products Corp. v. D P Way Corp.*, 546 F.2d 748 (7th Cir. 1977), "the defendant's officers stated to prospective investors and customers of [the plaintiff] that [the defendant] would bring infringement litigation if any competitors, including the plaintiff, were to infringe its patent rights." *Id.* at 753–54. The Seventh Circuit stated:

> To establish an actual controversy in an action challenging the validity of a patent, the plaintiff must disclose conduct *on the part of the defendant* that makes reasonable the plaintiff's apprehension that it will face an infringement suit or the threat of one if it commences, or continues the activity in question. (*Id.* at 753; emphasis added).

The Court held that the statements of the defendant's officers created a reasonable apprehension of suit and therefore created an actual controversy. Similarly, in *Sherwood Medical Industries, Inc. v. Deknatel, Inc.*, 512 F.2d 724 (8th Cir. 1975), the Court held that an actual controversy was created by statements of an employee of the defendant that the plaintiff's product would infringe the defendant's patent. *Id.* at 726. Again the Court made clear that the reasonable apprehension must arise from action of the defendant:

> [A]n "actual controversy" exists if there has been a charge of infringement. However, such a charge need not be express and can be found in any conduct or course of action *on the part of the patentee* which would lead a reasonable man to fear that he or his customers face an infringement suit or the threat of one if he continues or commences, the activity in question. (*Id.* at 727–28; emphasis added).

The background of the present suit is instructive. Pfizer holds two patents, one that claims the drug chlorpropamide and another that claims a tablet that contains chlorpropamide and is used to treat diabetes. Premo requested a license under these patents in 1975, which Pfizer refused. On April 24, 1978, Premo renewed its request for a license. On or about May 4, 1978, before Pfizer had answered Premo's request for a license, Premo filed suit against Pfizer in this Court. The complaint in that case, 78 Civ. 2093 (KTD), is identical to the complaint in this case. Pfizer did not then respond to Premo's request for a license.

On May 10, 1978, the Food and Drug Administration advised Premo that chlorpropamide could not legally be sold without its prior approval. Premo notified the FDA on May 24 that it would not sell chlorpropamide for the present, although it did not concede that FDA approval was legally required. In July, Premo voluntarily dismissed its suit against Pfizer in this Court, 78 Civ. 2093.

Premo did begin to sell a tablet containing chlorpropamide in November 1978, and filed this suit on November 2. The FDA renewed its objections and has seized quantities of the chlorpropamide tablet that Premo shipped in interstate commerce.

According to Premo's Secretary-Treasurer, Premo has told customers that its chlorpropamide product is chemically identical to Pfizer's, and these customers and potential customers know that chlorpropamide is covered by Pfizer's two patents. Premo believes that the existence of these patents has deterred customers from buying Premo's product and that its sales will increase if Pfizer's patents are invalidated.

Pfizer states that it has never sued Premo or anyone else under its patents on chlorpropamide, nor has it ever charged Premo or anyone else with infringing them. Premo appears to admit that Pfizer has not charged or sued for infringement, but argues that it can reasonably expect such a suit because Pfizer has filed 38 suits under five patents since 1961.

The only actions by Pfizer on which Premo bases its apprehension of suit here (other than that Pfizer holds the challenged patents and sells the drugs claimed by them) are the 38 suits that Pfizer has filed under five of its 620 patents since 1961. Even assuming with Premo that Pfizer has been a litigious plaintiff, its record in past suits does not by itself show that

it has charged infringement of the patents challenged in this suit. At most a record of infringement suits by itself shows that the defendant may precipitate an actual controversy sometime in the future, not that it has done so already.

Accordingly, the complaint must be and is dismissed, without prejudice.

SO ORDERED.