### ABORTION RIGHTS MOBILIZATION, INC., et al., Plaintiffs,

v.

### Donald T. REGAN, Secretary of The Treasury, and Roscoe L. Egger, Jr., Commissioner of Internal Revenue, Defendants.

### No. 80 Civ. 5590(RLC).

United States District Court, S.D. New York.

Dec. 2, 1982.

John S. Martin, Jr., U.S. Atty. for the S.D. of N.Y., New York City, for federal defendants; William J. Brennan, Asst. U.S. Atty., New York City, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

In an opinion reported at 544 F.Supp. 471 (1982), familiarity with which is assumed, the court dismissed some of the plaintiffs, the United States Catholic Conference Incorporated and the National Conference of Catholic Bishops ("church defendants") from the action, and ordered the remaining parties—plaintiffs, the Secretary of the Treasury and the Commissioner of Internal Revenue ("federal defendants" or "government")—to proceed with pretrial preparations. The federal defendants have now moved, pursuant to 28 U.S.C. § 1292(b), for certification to the Court of Appeals of two questions: (1) whether the remaining plaintiffs have standing to challenge the Commissioner's determination of the tax status of another; and (2) whether, in any event, the instant litigation can proceed in light of the Anti-Injunction Act, 26 U.S.C. § 7421. Federal Defendants' Memorandum of Law at 3. In addition, a stay of discovery is sought pending disposition by the Court of Appeals of these two questions.

Section 1292(b) permits an immediate appeal of an interlocutory order of the district court, if the court certifies that its determination "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation ...." The federal defendants contend that both questions which they seek to have the court certify meet this statutory standard. They argue that both questions concern subject matter jurisdiction which is "[a]mong the categories of rulings ... obviously suited for interlocutory appeal," *quoting from* 16 Wright, Miller, Cooper & Gressman, *Federal Practice and Procedure,* § 3931 at 178 (1977). They further maintain that there is substantial ground for difference of opinion as to whether the court's holding that plaintiffs could proceed with the action and that the

Marshall Beil, Carol A. Schrager, Karpatkin Pollet Perlmutter & Beil, New York City, for plaintiffs; Stephen B. Latham, Riverhead, N.Y., Joyce Roop, Brookline, Mass., Sybil Shainwald, New York City, Constance E. Cook, Ithaca, N.Y., of counsel.

Anti-Injunction Act did not bar the litigation is supportable under applicable law. Federal Defendants' Memorandum of Law at 6–12.

The church defendants, in a letter dated October 26, 1982, join the government in urging that the two indicated questions be ʳaccorded § 1292(b) certification, and, somewhat surprisingly, since they are no longer parties to the litigation, support the government's motion that discovery be stayed. Plaintiffs oppose both parts of the motion.

In *Brown v. Bullock,* 294 F.2d 415, 417 (2d Cir.1961), Judge Friendly, writing for the court *en banc,* set forth the yardstick used in this circuit to determine whether § 1292(b) certification is appropriate. There he said that certification of issues of first impression was desirable if their resolution would avoid a lengthy trial and "determination was likely to have precedential value for a large number of other suits . . . now pending." *Id.*

In support of its motion, the government cites several cases involving certification of issues of subject matter jurisdiction involving the jurisdictional reach of the federal securities laws: *Bersch v. Drexel Firestone, Inc.,* 389 F.Supp. 446, 464 (S.D.N.Y.1974) (Carter, J.), *aff'd in part,* 519 F.2d 974 (2d Cir.), *cert. denied,* 423 U.S. 1018, 96 S.Ct. 453, 46 L.Ed.2d 389 (1975); *Leasco Data Processing Equipment Corp. v. Maxwell,* 468 F.2d 1326 (2d Cir.1972); *Movielab, Inc. v. Berkley Photo, Inc.,* 452 F.2d 662 (2d Cir.1971). The government also cites *Blackman v. Hadron, Inc.,* 450 F.2d 781 (2d Cir.1971), in which the question was whether, in the light of the withdrawal of all charges of direct infringement, a present justiciable issue remained on the basis of "the use of actual or threatened infringement suits to deprive Hadron of its customers, coupled with charges of contributory infringements against Hadron . . ." *Id.* at 782.

None of these cases advance the government's argument for § 1292(b) certification. *Bersch, Leasco* and *Movielab* involved various aspects of the as yet undetermined issue of the extra-territorial reach of the federal securities laws. In these cases, the issues were whether in this unsettled area the trial court had applied the appropriate legal standard, and whether, since issues of comity, foreign relations and judicial resources would be affected by the determination, policy considerations warranted the decision reached. As to *Hadron,* I doubt that certification would be accepted today, or if accepted, I believe it would subsequently be remanded as having been improvidently granted. *See e.g., Slade v. Shearson, Hammill & Co.,* 517 F.2d 398 (2d Cir.1974).

 In any event, § 1292(b) certification is limited to extraordinary cases where early appellate review might avoid protracted and expensive litigation. It is not intended as a vehicle to provide early review of difficult rulings in hard cases. *United States v. Woodbury,* 263 F.2d 784, 788 n. 11 (9th Cir.1959). Nor is it appropriate for securing early resolution of disputes concerning whether the trial court properly applied the law to the facts. *Link v. Mercedes-Benz of North America, Inc.,* 550 F.2d 860, 863 (3d Cir.), *cert. denied,* 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977). The question concerning plaintiffs' standing which the government seeks to have certified for review does not concern a dispute or disagreement as to the applicable law, but instead it involves whether the court's application of the decided and governing case law to the relevant facts is appropriate. I do not believe such issues were intended for certification under § 1292. *Id.*

As to the second question, there is little dispute on the basis of the current status of the law that the court followed the prevailing and modern view of the reach of the Anti-Injunction Act. *See Wright v. Regan,* 211 U.S.App.D.C. 231, 656 F.2d 820, 836 n. 52 (1981). Hence, that does not appear to be an appropriate issue for § 1292(b) certification.

Moreover, even assuming the two questions might be otherwise appropriate for § 1292(b) certification, there has been no showing, nor, indeed, argument, that resolution of the questions the government seeks to have certified is likely "to have precedential value" for any significant number of cases now pending on the Court of Appeals

calendar. *See Brown v. Bullock, supra,* 294 F.2d at 417.

Finally, the calendar of the Court of Appeals is heavy. It is probably not disposed to being faced with abstract issues which may not be implicated if the case proceeds to judgment on the merits. On the other hand, if those issues are still present on appeal after trial on the merits, they will have been embellished by a full record in the proceedings below.

The motion for § 1292(b) certification is denied. In light of the above disposition, there is no basis for a stay of discovery. The parties should proceed promptly to complete all the trial preparation as expeditiously as possible.

IT IS SO ORDERED.