**PHILAN INSURANCE LTD., and
Benodet Insurance Ltd.,
Plaintiffs,**

**v.**

**FRANK B. HALL & CO., INC., Frank B. Hall Re of New York, Inc., Frank B. Hall Re International, Inc., Frank B. Hall Re de Mexico, S.A., Rollins Burdick Hunter Co., Rollins Burdick Hunter of Bermuda, Ltd., Keough–Kirby As-**

sociates, Inc., Keough Kirby Re Ltd., Fielding Juggins Money & Stewart Ltd., trading as Fielding and Partners, PWS Marine Limited, Leonard Smith, Stephen Maloney, and Monroe Birnberg, Defendants.

No. 87 Civ. 4624 (RPP).

United States District Court, S.D. New York.

April 23, 1991.

Ohrenstein & Brown, New York City by Christopher B. Hitchcock, for plaintiffs.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City by Steven B. Rosenfeld, for defendants Frank B. Hall & Co., Inc., Frank B. Hall Re of New York, Inc., Frank B. Hall Re Intern., Inc., Frank B. Hall Re de Mexico, S.A.

Palmeri, Gaven & Soberman, New York City by Daniel F. Gaven, for defendants Keough–Kirby Associates, Inc. and Keough Kirby Re Ltd.

Kroll & Tract, New York City by Sol Kroll, for defendant Fielding and Partners (Fielding Juggins Money & Stewart, Ltd.) and PWS Marine Ltd.

Dannenberg, Hazen & Lake, New York City by Leonard Lake, for defendant Monroe Birnberg.

Carro, Spanbock, Kaster & Cuiffo, New York City by Ronald E. DePetris, for defendant Leonard Smith.

## ORDER

ROBERT P. PATTERSON, Jr., District Judge.

This opinion addresses two motions pending in this action.

First, plaintiffs move this Court to certify an immediate appeal of the Court's opinion and order dated October 9, 1990 pursuant to 28 U.S.C. § 1292(b), 748 F.Supp. 190. Plaintiffs argue that the Court's findings that it lacked subject matter jurisdiction over plaintiffs' RICO claims and that plaintiffs failed to demonstrate a "deprivation of property" in support of the RICO claims against the corporate defendants involve controlling questions of law as to which there are substantial grounds for difference of opinion in this circuit and that an immediate appeal will materially advance the ultimate termination of this litigation.

82

 Certification under section 1292(b) is a matter within the Court's discretion, *see Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 611 F.Supp. 281, 284 n. 2 (S.D.N.Y.1985), and should be limited to "extraordinary cases." *See Abortion Rights Mobilization, Inc. v. Regan*, 552 F.Supp. 364, 366 (S.D.N.Y. 1982). Certification is not appropriate as a means of securing early resolution of disputes concerning whether the trial court properly applied the law to the facts. *Id.* Accordingly, plaintiffs' motion is denied. *See Bruce v. Martin*, 712 F.Supp. 442, 445 (S.D.N.Y.1989) (refusing to certify dismissal of RICO claims).

Second, defendants Frank B. Hall & Co., Inc., Frank B. Hall Re of New York, Inc., Frank B. Hall Re International, Inc., Frank B. Hall Re de Mexico, S.A. (collectively "the Hall defendants"), Keough–Kirby Associates, Inc. and Keough Kirby Re Ltd., Rollins Burdick Hunter Co. and Rollins Burdick Hunter (Bermuda) Ltd. move for immediate entry of judgment as to less than all the parties pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[1]

 It is left to the sound discretion of the court to determine the appropriate time for appeals of orders which adjudicate fewer than all of the claims in an action involving multiple claims or multiple parties. *See Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7–8, 100 S.Ct. 1460, 1464–65, 64 L.Ed.2d 1 (1980). The trial court must exercise this discretion "in the interest of sound judicial administration" keeping in mind the federal policy against piecemeal appeals. *Id.* Where the complaint is dismissed as to some but not all defendants in a multiple party case the court should not, as a general matter, direct entry of a final judgment under Rule 54(b) if the same or closely related issues remain to be litigated against the undismissed defendants. *See Cullen v. Margiotta*, 811 F.2d 698, 710–11 (2d Cir.), *cert. denied*, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987); *Arlinghaus v. Ritenour*, 543 F.2d 461, 464 (2d Cir.1976). The rationale is that since resolution of the remaining claims could conceivably affect the appellate court's decision on the immediately appealed claim, all claims should appealed together. *See Cullen*, 811 F.2d at 711. This rationale applies to the claims in this action. In addition, the moving defendants in this action, although they point to an action filed against them in state court earlier this month, have not demonstrated grounds sufficient for this Court to find that "there is no just reason for delay" as required by Rule 54(b). Allowing this action to proceed to final judgment as to all parties will not impose undue hardship on the moving parties. This action has been pending over three years and is very close to trial. The Court is available to try the case in May. Accordingly, defendants' motion for immediate entry of judgment is denied.

The parties having had six months for discovery since the Court's October 9, 1991 opinion, the discovery cutoff in this action will be Wednesday, May 1, 1991. The pretrial order is due Friday, May 10, 1991 and the final pretrial conference will be held Monday, May 13, 1991.

IT IS SO ORDERED.

---

1. Defendants Fielding Juggins Money & Stewart Ltd. and PWS Marine Ltd. oppose this motion.