Antonino T. DiMARCO, M.D., Plaintiff,

v.

ROME HOSPITAL AND MURPHY MEMORIAL HOSPITAL; The Board of Managers of Rome Hospital and Murphy Memorial Hospital; Kirk B. Hinman; Henry A. Sparks, M.D., Medical Director of Rome Hospital and Murphy Memorial Hospital; John A. Gorman, Chief Executive Officer of Rome Hospital and Murphy Memorial Hospital; HCA Management Company, Inc.; Charles M. Brown, M.D.; James D. Dunda, M.D.; Neville W. Harper, M.D.; Lawrence Burgreen, M.D.; and Herb Skogland, M.D., Defendants.

No. 88–CV–1258.

United States District Court, N.D. New York.

Oct. 2, 1995.

Blitman & King, Rochester, NY (Jules L. Smith, of counsel), for plaintiff.

Smith, Sovik, Kendrick & Sugnet, Syracuse, NY (James A. O'Shea, of counsel), for defendants Brown, Dunda, Harper, Burgreen and Skogland.

Thuillez, Ford, Gold & Conolly, Albany, NY (Jonathan B. Summers, of counsel), for defendants Gorman and HCA.

Garfunkel, Wild & Travis, Great Neck, NY (Michael J. Keane, of counsel), for defendants Hinman, Sparks, Rome Hospital and Murphy Memorial Hospital and the Board of Managers of Rome Hospital and Murphy Memorial Hospital.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

## I. BACKGROUND

### A. Facts Of The Case

The facts of this case are well-known to the Court and all parties to this case. Therefore, the Court will not recite the facts herein.

### B. Procedural History

In brief, plaintiff's first cause of action alleging due process violations was dismissed by a decision of this Court in June, 1991. The second cause of action for First Amendment violations remained intact as did the third cause of action for punitive damages and fourth cause of action for attorneys' fees under § 1988. In a "supplement to pleading" filed on March 16, 1992, months after the first summary judgment motion was decided, plaintiff added a fifth cause of action claiming that he was deprived of his right of access to the court, subsumed under the

First Amendment right to petition the government for redress of grievances.

The defendants then moved for summary judgment again in June, 1995. By an Order of the Court dated July 6, 1995, the Court granted summary judgment to defendants Gorman and HCA finding that they were solely private actors who could not, upon the evidence presented, be found to have conspired or acted jointly with state actors to violate plaintiff's First Amendment rights. Summary judgment was also granted in favor of defendant Hinman for plaintiff's failure to respond to the summary judgment argument made in his favor. The Court denied summary judgment on all other issues presented as to all other defendants.

The defendants now move for reconsideration of the July 6, 1995 Order. The parties have engaged in extensive discovery and motion practice, and the case is set for trial in early 1996.

## II. DISCUSSION

### A. Standard For Reconsideration

■ "A court is justified in reconsidering its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice." *Hester Industries, Inc. v. Tyson Foods, Inc.*, 160 F.R.D. 15, 16 (N.D.N.Y. 1995) (*citing, Larsen v. Ortega*, 816 F.Supp. 97, 114 (D.Conn.1992), *aff'd*, 990 F.2d 623 (1993)); *Nossek v. Brd. of Educ. of the Duanesburg Central School Dist.*, 1994 WL 688298 (N.D.N.Y.1994). Since the defendants neither have pointed to a change in the controlling law, nor have presented new evidence not previously available, their motion to reconsider apparently seeks to remedy a clear legal error, or to prevent an obvious injustice. The Court cautions at the outset that, although "clear error" and "preventing injustice" are valid grounds for reconsideration, the parties seeking reconsideration must not use this vehicle as a means to relitigate issues previously decided by the Court, or to attempt to "sway the judge" one last time. *See Saratoga Harness Racing,*

*Inc. v. Veneglia,* —— F.Supp. ——, 1995 WL 461973 (N.D.N.Y.1995) (citation omitted). With these standards in mind, the Court now turns to the issues raised.

### B. First Amendment Analysis

The defendants argue that the Court failed to apply the correct legal standard as set forth in *Waters v. Churchill,* —— U.S. ——, 114 S.Ct. 1878, 128 L.Ed.2d 686 (1994), and *Jeffries v. Harleston,* 52 F.3d 9 (2d Cir.1995). In addition, the defendants contend that applying the correct standard would mandate a reversal of the Court's prior stance with respect to its denial of the defendants' summary judgment motion on the first amendment claim. The Court disagrees.

■ It is undisputed that to make out a valid first amendment retaliation claim the plaintiff must show two things. First, plaintiff must show that he engaged in constitutionally protected activity such that (a) the speech was related to a matter of public concern, *Connick v. Myers,* 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983) and (b) the speaker's rights outweigh the state's valid interest in the efficient conduct of its affairs (the *Pickering* balance), *Connick,* 461 U.S. at 150, 103 S.Ct. at 1692; *Pickering v. Board of Education,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). *Waters* and *Jeffries* have echoed this standard. *See* —— U.S. at ——, 114 S.Ct. at 1884; 52 F.3d at 12. Defendants, however, then claim that this Court "expressly—and repeatedly—relies on analyses of *actual* disruption that are no longer valid in the wake of" *Waters* and *Jeffries. See* Hospital Defendants' Memorandum of Law in Support of Motion to Reconsider at 2. The defendants are mistaken.

Quoting *Waters,* and consistent with *Jeffries,* this Court stated that "'we do not believe that the court must apply the *Connick* test only to the facts as the employer thought them to be, without considering the *reasonableness of the employers conclusions.* Even in situations where the courts have recognized the special expertise and special needs of certain decision makers, the deference to their conclusions has never been complete.'" Order of July 6, 1995 (*quoting, Waters,* —— U.S. at ——, 114 S.Ct. at 1889).

The Court then determined that there was a question of fact to be decided by a jury as to the *reasonableness* of the defendants actions, i.e., the defendants conclusions with regard to the incident reports, and the actions taken pursuant to those conclusions. Thus, a careful reading of the July 6, 1995, Order reveals that the Court set forth and applied the correct legal standard.

The Court will not at this time revisit the issue already decided by the Order of July 6, 1995. It is clear from the express language of the Order that the Court has applied the standards set forth in *Waters* and *Jeffries,* and that no clear legal error was made. The fact that the defendants disagree with the Court's determination reflects a truism of our system of jurisprudence—that with every denial of a motion, there is an unhappy movant. However, that fact alone does not supply a proper basis for reconsideration. The Court's prior Order stands.

## C. Alleged Evidentiary Errors

Defendants allege that the Court improperly considered certain material presented in support of the plaintiff's opposition to the defendants' summary judgment motion, and that such error requires the court to reconsider its prior Order. The Court disagrees.

The defendants argue that the "Roy" letter was unauthenticated and hearsay, and that the deposition testimony of Dr. Ramineni was misrepresented. As an initial matter, the Court may consider evidence that is not in a form admissible at trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Although some courts in this Circuit have held that hearsay is not to be considered on a motion for summary judgment, *Torres v. CBS News,* 879 F.Supp. 309, 319 (S.D.N.Y. 1995), other courts, in this Circuit and others, have permitted the consideration of hearsay evidence if the information is corroborated or sufficiently reliable. *See Tatum v. Cordis Corp.,* 758 F.Supp. 457, 463 (M.D.Tenn.1991) ("Hearsay evidence may be considered by the Court in response to a motion for summary judgment as long as the out-of-court declarant would be available to present the evidence through direct testimony."); *Car-*

*ney v. U.S. Dept. of Justice,* 19 F.3d 807, 813 (2d Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 86, 130 L.Ed.2d 38 (affidavit replete with hearsay inadmissible unless it contains some factual support, such as the names of those interviewed); *U.S. v. Property Located At 15 Black Ledge Drive,* 897 F.2d 97, 101–102 (2d Cir.1990) (hearsay from confidential informant could be considered on summary judgment on the issue of probable cause, in part, because the court determined such hearsay to be reliable).

Dr. Ajoy Roy is available to testify. Moreover, the deposition testimony of Dr. Moza provides some corroboration for the allegations in the "Roy" letter. Thus, the Court finds that the "Roy" letter could properly be considered on a motion for summary judgment. However, the "Roy" letter is not critical to the Court's decision. The deposition testimony of Dr. Moza raises the same factual issue as to the reasonableness of the defendants' actions, by calling into question the integrity of the administrative procedures employed by the defendants and whether the defendants' action were retaliatory. Thus, Dr. Moza's testimony is sufficient standing alone. Therefore, whether the Court properly considered the "Roy" letter or not has no effect on the ultimate determination by the Court—that a question of fact exists for the jury.

The defendants argue that the deposition testimony of Dr. Ramineni was misstated by claiming that the Court stated that the hospital took "every" incident report at face value without further investigation. Whether the Court said that all reports or just one report was taken at face value does not diminish the fact that even a single such incident could raise a factual issue as to the reasonableness of the defendants' actions, and whether such actions were retaliatory. The Court expressly stated that "the deposition testimony [ ] states the Hospital took incident reports at face value ..." Order of July 6, 1995. It is clear from the express language of the Court's Order that there was no representation as to the number of incident reports to which the Court referred, and therefore, no misrepresentation of Dr. Ramineni's testimony. Dr. Ramenini did, in fact, indicate that

reports were taken at face value without further investigation. Moreover, it is clear that even if misstated, that fact would not alter the decision of the Court. Although the defendants have dissected the language of the July 6, 1995, Order with a lexicographer's precision, it is clear that there is no sound basis on which to reconsider the Court's previous order.

### D. Fifth Cause of action And Qualified Immunity

As to defendants' claim that the Court should reconsider its Order with respect to the Fifth cause of action and the claim for qualified immunity, the Court finds that the defendants simply have presented substantially the same arguments set forth in detail in their briefs submitted in support of the previous motions for summary judgment. The Court particularly is vexed at the defendants' continued attempts to reargue the issue of qualified immunity. As the parties should be well aware, this Court and the Circuit Court of Appeals has already determined that there are factual issues with respect to the issue of qualified immunity. As stated herein, the motion for reconsideration is not a vehicle for attempting to reargue issues before the judge that have already been decided. *See Saratoga Harness Racing, Inc. v. Veneglia,* 897 F.Supp. 38 (N.D.N.Y.1995) (citation omitted). Accordingly, the Court will not revisit those issues.

### E. Certification For Appeal

28 U.S.C. § 1292(b), which is the statutory basis for the defendants request for certification of a question for appeal, was designed for exceptional cases where the decision of appeal might avoid protracted and expensive litigation, and should be used sparingly. *See Kraus v. Board of County Com'rs.,* 364 F.2d 919 (6th Cir.1966); *see also, Philan Ins. Ltd. v. Frank B. Hall & Co.,* 136 F.R.D. 80 (S.D.N.Y.1991). A district court may certify a question for appeal if (1) the order involves a controlling issue of law; (2) as to which there is a substantial ground for a difference of opinion; and (3) in which an immediate appeal may materially advance the ultimate termination of litigation. 28 U.S.C. § 1292(b).

In this case, although not setting forth the specific question for appeal, it appears as though the defendants seek appellate review of the first amendment issue involving the application of the *Waters* and *Jeffries* standards. The defendants argue that this Court applied the incorrect standard, and that as controlling law, they should be entitled to appeal. The defendants also seek appeal of the "summary judgment order," apparently in its entirety. However, "even when the question is the supposed question of law whether there are any genuine issues of material fact that preclude the grant of summary judgment, it seems better to keep courts of appeals aloof from interlocutory embroilment in such factual details." 16 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure s 3930 (1977); *see also, Harriscom Svenska AB v. Harris Corp.,* 947 F.2d 627, 631 (2d Cir.1991) (stating that where the controlling question of law is whether outstanding issues of material fact remain, interlocutory appeal is not available so that the district court proceedings may be advanced). Here, the "controlling question of law" is clearly whether this court properly determined that there was a material factual issue relating to the plaintiff's first amendment retaliation claim. "Since this determination, although a legal issue, is essentially fact based in nature, interlocutory appeal is inappropriate." *Brown v. City of Oneonta,* 858 F.Supp. 340, 349 (N.D.N.Y.1994). In addition, since this case will soon go to trial, any appeal of the Court's July 6, 1995, Order would delay the case, rather than materially advance the ultimate termination of litigation. Thus, the defendants' motion for an interlocutory appeal pursuant to 28 U.S.C. s 1292(b) is denied.

### F. Rule 11

Rule 11 imposes an affirmative duty on the signer to make a reasonable inquiry as to the viability, legally and factually, of claims made in pleadings, written motions, and other papers filed with the court. *Gray v. Millea,* 892 F.Supp. 432, 437 (N.D.N.Y. 1995); *Eastway Construction Corp. v. New*

*York,* 762 F.2d 243, 253 (2d Cir.1985), *cert. denied,* 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987). Rule 11(b) expressly states: "By presenting to the court (whether by signing, filing, submitting or later advocating) a pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief formed after inquiry reasonable under the circumstances,—(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support." Fed.R.Civ.P. 11(b).

The reasonableness of the inquiry is measured objectively at the time the signer signs the papers in question. *See Derechin v. State University of New York,* 963 F.2d 513, 516 (2d Cir.1992); *United States v. International Brotherhood of Teamsters,* 948 F.2d 1338, 1344 (2d Cir.1991). In *Knipe v. Skinner,* 19 F.3d 72 (2d Cir.1994), the Second Circuit clarified that, although the imposition of sanctions for a Rule 11 violation was mandatory under the 1983 version, the 1993 amendments provide that imposition of sanctions is now discretionary. *Knipe,* 19 F.3d at 75, 78. Furthermore, the current version of Rule 11 specifies that "[m]onetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2)," Fed.R.Civ.P. 11(c)(2)(A). The Notes of the Advisory Committee on Rules clarify that such sanctions for violations involving frivolous contentions of law (Rule 11(b)(2) violations) are more properly imposed solely on the party's attorneys. Fed.R.Civ.P. 11 Advisory Committee's Note, 1993 Amendment. As such, plaintiff's attorney is subject to monetary sanctions for Rule 11 violations involving frivolous contentions of law. Fed. R.Civ.P. 11 Advisory Committee's Note, 1993 Amendment ("[Rule 11] emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting on a position after it is no longer tenable.... A Litigant's obligations with respect to the contents of these papers ... include reaffirming to the court and advocating positions contained in these pleadings and motions after learning that they cease to have any merit.").

 Notwithstanding the Court's determination of this motion, the Court finds little indication that the arguments of the defendants were unreasonable, frivolous, or made in bad faith. Accordingly, the Court denies the plaintiff's motion for sanctions pursuant to Rule 11.

## III. CONCLUSION

In sum, for the foregoing reasons, the Court denies the defendants' motion for reconsideration, denies the defendants' motion for certification of an interlocutory appeal, and denies the P's motion for sanctions pursuant to Rule 11.

**IT IS SO ORDERED.**