Patrick ARONS, et al., Plaintiffs,

v.

James L. LALIME, et al., Defendants.

No. 94–CV–7618 CJS.

United States District Court,
W.D. New York.

May 19, 1998.

David L. Edmunds, Damon & Morey, Buffalo, NY, Mark J. Schlant, Zdarsky, Sawicki & Agostinelli, Buffalo, NY, Lawrence B. Goldberg, New York City, for Patrick Arons, Robert Barucchi, Robert Escounte, Yvonne Escounte, Christiane Francois, Daniel Robelin, Louis Robert.

Mark J. Schlant, Zdarsky, Sawicki & Agostinelli, Buffalo, NY, Lawrence B. Goldberg, New York City, for Jean Louis Bain.

David A. Bentivogli, Snyder, NY, for James L. Lalime.

Alan J. Bozer, Albrecht, Maguire, Heffern & Gregg, P.C., Buffalo, NY, Denise Y. Lunsford, Edward B. Lowry, Michie, Hamlett, Lowry, Rasmussen, & Tweel, Charlotteville, VA, Danny M. Howell, J. Johathan Schraub, Robins, Kaplan, Miller & Ciresi, Washington, DC, for Harold Wilner Dingman.

## DECISION AND ORDER

SIRAGUSA, District Judge.

Before the Court is the defendant Harold W. Dingman's application for reconsideration of a prior order of this Court. That Order, by the Honorable Richard J. Arcara, adopted in all respects a report and recommendation of United States Magistrate Judge Carol E. Heckman, thereby granting in part and denying in part the defendant's motion for summary judgment. In the alternative, the defendant Dingman requests that this Court certify the aforesaid Order for immediate appeal pursuant to 28 U.S.C. § 1292(b), and that this action be stayed pending the outcome of such an appeal. For the reasons that follow, the defendant's applications are denied.

## BACKGROUND

This action involves a claim pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. §§ 1961–1968, as well as pendent state-law claims for breach of fiduciary duty, legal malpractice, conspiracy, conversion and fraud. The plaintiffs allege that the defendants fraudulently induced them to invest a total of $775,317.00 in Centerpointe Capital Corp. to fund a "serial transaction program" which was supposed to have involved the purchase and sale of bank notes and securities. This money was deposited into the attorney trust account of the defendant Dingman. However, the plaintiffs allege that instead of investing the money, the defendants converted it for their personal use. The plaintiff's complaint and RICO case statement contain, inter alia, numerous allegations of alleged racketeering acts committed personally by Dingman over a period of several months. These include allegations that Dingman, in addition to using his attorney escrow account as the vehicle to defraud investors, was the "paymaster, corporate agent and supervisor" of the enterprise. Dingman denies any wrongdoing.

Defendant Dingman moved for summary judgment on August 20, 1996. Both the plaintiffs and Dingman submitted voluminous documentation in support of their respective positions. A motion hearing was held before Magistrate Heckman on February 27, 1997. On March 24, 1997, Magistrate Heckman issued her twenty-four page report and recommendation which recommended that Dingman's motion be granted in part to dismiss the cause of action for legal malpractice, but that the motion be denied in all other respects. On April 10, 1997, the defendant filed objections to this report and recommendation. After conducting a de novo review, by an Order dated January 21, 1998, the Honorable Richard J. Arcara adopted Magistrate Heckman's report and recommendation in its entirety. By Order dated January 21, 1998, the case was transferred to me. On February 9, 1998, defendant Dingman moved, purportedly pursuant to Fed.R.Civ.P. 59(e), to have me reconsider Judge Arcara's Order, or in the alternative, to certify that Order for immediate appeal. The defendant alleges that both Magistrate Heckman and Judge Arcara overlooked "controlling decisions or factual matters" which "would render the Court's prior decision erroneous." Specifically, the defendant contends that the Court applied the wrong legal standards un-

der RICO in finding that there were triable issues of fact as to whether or not the defendant engaged in a pattern of racketeering, whether he was involved in the "operation, management or control" of the RICO enterprise, and whether he defrauded investors, and further, that the Court made erroneous legal and factual determinations in refusing to grant summary judgment on the claim for breach of fiduciary duty.

## ANALYSIS

It is well established that interlocutory orders and rulings by a district judge are subject to modification by that district judge at any time prior to final judgment, and may be modified to the same extent if the case is reassigned to another judge. *In re United States*, 733 F.2d 10, 13 (2d Cir. 1984). Any of three circumstances may justify reconsideration of an earlier decision in the case: 1) an intervening change in controlling law; 2) new evidence; or 3) the need to correct a clear error of law or to prevent manifest injustice. *United States v. Adegbite*, 877 F.2d 174, 176 (2d Cir., 1989), cert. den. 493 U.S. 956, 110 S.Ct. 370, 107 L.Ed.2d 356. The defendant does not allege that there has been an intervening change in the controlling law or that new evidence has been discovered. Therefore, in order for this Court to revisit Judge Arcara's Order, it must be to correct a clear error of law or to prevent manifest injustice.

I have thoroughly reviewed the parties' submissions on this motion, as well as Judge Arcara's Order, Magistrate Heckman's Report and Recommendation, and the submissions on the underlying summary judgment motion. I do not find any clear error of law or any injustice, therefore the motion for reconsideration is denied.

Defendant's request that the Order be certified for immediate appeal is also denied. 28 U.S.C. § 1292(b) states in relevant part:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

However, "[w]here, as here, the controlling issues are questions of fact, or, more precisely, questions as to whether genuine issues of material fact remain to be tried, the federal scheme does not provide for an immediate appeal solely on the ground that such an appeal may advance the proceedings in the district court." *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991). While it is true that the question of whether or not the Court properly denied summary judgment is one of law, it is essentially a fact-based inquiry, making an interlocutory appeal inappropriate. *See, DiMarco v. Rome Hospital and Murphy Memorial Hospital*, 899 F.Supp. 91, 95 (N.D.N.Y.1995). Since the defendant's motion for summary judgment was denied because of the existence of triable issues of fact, certification pursuant to 28 U.S.C. § 1292(b) is denied. Inasmuch as the request for certification for immediate appeal is denied, the request for a stay pending such an appeal is likewise denied.

## CONCLUSION

Accordingly, the motion by defendant Harold W. Dingman [# 125] is denied in all respects.

So ordered.