**John S. PEREIRA, as Trustee of Trace International Holdings, Inc. and Trace Foam Sub, Inc., Plaintiff,**

v.

**Marshall S. COGAN, Saul S. Sherman, Andrea Farace, Frederick Marcus, Robert H. Nelson, Philip Smith, Karl Winters, Tambra King Defendants.**

No. 00 Civ. 619(RWS).

United States District Court, S.D. New York.

Aug. 1, 2001.

LeBoeuf, Lamb, Greene, & MacRae, L.L.P., New York City, By: John P. Campo, Theodore J. Fischkin, Amy S. Zabetakis, for Plaintiff, of counsel.

Salomon Green & Ostrow, P.C., Attorneys for Defendant Marshall S. Cogan, New York City, By: Chester B. Slomon, Alec P. Ostrow, Nicholas F. Kajon, Walter Benzija, for Defendants, of counsel.

## OPINION

SWEET, District Judge.

Defendant Marshall S. Cogan ("Cogan") has moved for an order, pursuant to 28 U.S.C. Section 1292(b), certifying this Court's opinion and order of March 8, 2001 (the "March 2001 Opinion") for interlocutory appeal on the issue of whether under Delaware law the plaintiff John S. Pereira, as Chapter 7 Trustee (the "Trustee") of Trace International Holdings, Inc. ("TIHI") has standing to assert an alter ego claim against Cogan under Count VI of the Second Amended Complaint ("Complaint").

### Parties and Prior Proceedings

The parties and prior proceedings in this case are detailed in the March 2001 Opinion, familiarity with which is presumed. *Pereira v. Cogan*, (S.D.N.Y. No. 00 CIV. 619, March 8, 2001), 2001 WL 243537. In the March 2001 Opinion, it was decided that the Trustee had standing under Delaware law to pursue an alter ego claim. Cogan now seeks an order certifying the

March 2001 Opinion for appeal on that issue.

■ The motion was marked fully submitted and argument was heard on April 25, 2001. For the reasons stated, the motion is denied.

### The Motion for Certification for Interlocutory Appeal is Denied

■ An authorization for immediate interlocutory appeal may be authorized, subject to the approval of the Court of Appeals (*see Dicola v. American Steamship Owners Mutual Protection and Indemnity Assoc. (In re Prudential Lines)*, 59 F.3d 327, 332 (2d Cir.1995)), provided that the statutory requirements of 28 U.S.C. § 1292 are satisfied. *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 23 (2d Cir. 1990). The first sentence of § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

■ Interlocutory appeals under Section 1292(b) are an exception to the general policy against piecemeal appellate review embodied in the final judgment rule. Since the statute was enacted in 1958, the Second Circuit has repeatedly emphasized that a district court is to "exercise great care in making a § 1292(b) certification." *Westwood Pharmaceuticals, Inc. v. National Fuel Gas Distribution Corp.*, 964 F.2d 85, 89 (2d Cir.1992). Certification is only warranted in "exceptional cases," where early appellate review "might avoid protracted and expensive litigation." *Te-*

*lectronics Proprietary, Ltd. v. Medtronic, Inc.*, 690 F.Supp. 170, 172 (S.D.N.Y.1987); *see also German v. Federal Home Loan Mortgage Corp.*, 896 F.Supp. 1385, 1398 (S.D.N.Y.1995). Section 1292(b) was not intended "to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation" *Telectronics*, 690 F.Supp. at 172, or to be a "vehicle to provide early review of difficult rulings in hard cases." *German*, 896 F.Supp. at 1398; *see also Abortion Rights Mobilization, Inc. v. Regan*, 552 F.Supp. 364, 366 (S.D.N.Y.1982); *McCann v. Communications Design Corp.*, 775 F.Supp. 1506, 1534 (D.Conn.1991).

■ Certification is inappropriate when the "remaining claims in the lawsuit [are] closely related, and no appreciable savings in time would be realized by an appeal." *Isra Fruit Ltd. v. Agrexco Agric. Export Co.*, 804 F.2d 24, 25–26 (2d Cir.1986). In terms of factual matters, Court VI of the Complaint consists of a summary of the allegation of the first five counts. Counts I–V, and the facts relating thereto, will be litigated regardless of the resolution on Count VI. Thus, if Cogan's interlocutory appeal were successful, it would save comparatively little litigation effort.

Cogan contends that his dealings with Trace are not relevant to the corporate law issue of whether the directors of Trace breached their fiduciary duties. However, as noted in the March 2001 Opinion, "just as Cogan had a duty not to engage in self-dealing, so the Directors had a duty to prevent self-dealing from happening." at 35. Those dealings are relevant and would be litigated even if Cogan succeeded on appeal.

■ Nonetheless, some additional litigation effort may be expected. For example, one of the factors Delaware courts look to in determining an alter ego claim is

whether the corporation was initially undercapitalized. *United States v. Golden Acres, Inc.,* 702 F.Supp. 1097, 1104. This is not directly relevant to the first five counts in the Complaint. Secondly, the alter ego factors that the corporation was a mere facade involve an examination of not just the transactions complained of, but of potentially many others as well. Though on balance the potential time saved appears to be relatively little, there may be some savings in time if Cogan were to succeed on appeal. However, the Court must also consider whether there is "substantial ground for difference of opinion" that would justify such an interlocutory appeal. None had been presented.

The issue of whether a trustee has standing to assert an alter ego claim under Delaware law is now the subject of two decisions in this district, and both agree that there is such standing. *Murray v. Miner,* 876 F.Supp. 512, 517 (S.D.N.Y. 1995), *aff'd,* 74 F.3d 402 (2d Cir.1996); March 2001 Opinion at 53–56. Both decisions are based on analogous Delaware precedent and consideration of Bankruptcy Code policy enunciated by the Second Circuit. Cogan cites no decision under Delaware law that comes out the other way or expresses doubt about the standing issue.

In support of the position that standing does not exist for a trustee under Delaware law, Cogan cites two cases (in a distinct minority view) that settle the issue in his favor. *See Mixon v. Anderson,* 816 F.2d 1222, 1225 (8th Cir.1987), *cert. denied* 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987); *Mann v. Michael Industries, Inc.,* 90 B.R. 981, 985–86 (Bankr.E.D.Mo.1988). While correct in stating that § 1292 requires only that the opposite holding has good support, the holdings of both courts cited by Cogan deal distinctly with issues of state law in Missouri and Arkansas, respectively. The mere presence of some

level of disagreement among courts does not mean that the standards of § 1292(b) are satisfied. In addition, the fact that the Delaware courts have not confronted the issue, does not by itself satisfy those standards. Here, the standards of § 1292(b) are not met because there is no substantial ground for difference of opinion and an immediate appeal from the order would not materially advance the ultimate termination of the litigation.

### Conclusion

For the reasons stated, the motion for immediate interlocutory appeal pursuant to 28 U.S.C. Section 1292(b) is denied.

It is so ordered.