Fruitiere Vinicole D'ARBOIS, Plaintiff,

v.

The SOMMELIER'S CELLARS, and J.J. Bovineau, Defendants.

No. 88 Civ. 2780 (JES).

United States District Court,
S.D. New York.

July 20, 1990.

**490**

Scott A. Brody, Brody Wolkofsky & Brody, Plainview, N.Y., for plaintiff.

Jean Jacques Bovineau, New Orleans, La., defendant pro se.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff, Fruitiere Vinicole D'Arbois ("Fruitiere"), brings this action pursuant to 28 U.S.C. § 1332 (1988) on its own behalf and on behalf of its partial subrogee, Compagnie Francaise D'assurance Pour Le Commerce Exterieur, a credit insurance company, for monies owed by the defendants Jean Jacques Bovineau and the Sommelier's Cellars, an unincorporated business entity located in New York. *See* Verified Complaint ¶¶ 2, 3.

After the Court denied plaintiff's motion for summary judgment,[1] Bovineau, in a letter to the Court, sought to dismiss the action for lack of diversity jurisdiction. *See* Defendant's Affidavit dated March 7, 1990. The Court construed this letter as a motion to dismiss the action for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1) and afforded plaintiff the opportunity to file responding papers. For the reasons that follow, the Court grants Bovineau's motion.

### DISCUSSION

■ Under 28 U.S.C. § 1332, the Court lacks complete diversity jurisdiction in cases where an alien plaintiff sues defendants, one of whom is also an alien. *See*

*IIT v. Vencap, Ltd.*, 519 F.2d 1001, 1015 (2d Cir.1975). Moreover, prior to a recent amendment to § 1332, *see infra,* aliens permanently residing in the United States were considered foreign citizens for the purposes of diversity jurisdiction. *See Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1298 (5th Cir.1985). Here, since plaintiff alleges that he is a French citizen and that at least one of the defendants, Bovineau, although a permanent resident alien, is also a citizen of France, the court lacks subject matter jurisdiction over the action.

■ Nonetheless, plaintiff argues that this jurisdictional defect is cured by a recent amendment to § 1332(a) which provides that a "permanent resident alien shall be deemed a citizen of the State in which such alien is domiciled." Judicial Improvements and Access to Justice Act of 1988, Pub.L. No. 100–702, § 203(a), 102 Stat. 4646 (1988). However, citizenship as of the commencement of the action is controlling. *See Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 791 (2d Cir.1980). Moreover, statutory amendments are generally not applied retroactively, *see Ackermann v. Levine*, 610 F.Supp. 633, 644 (S.D.N.Y.1985), *rev'd on other grounds,* 788 F.2d 830 (2d Cir.1986); *see also Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988), and indeed the amendment relied upon expressly limits its applicability to actions commenced or removed on or after May 18, 1989, *see* § 203(b), 102 Stat. 4646, more than one year after plaintiff's complaint was filed. *Cf. Ragin v. Harry Macklowe Real Estate Co.*, 126 F.R.D. 475, 479 n. 1 (S.D.N.Y.1989).

■ Moreover, even if the Court were to permit plaintiff to drop Bovineau as a defendant and to proceed solely against Sommelier's Cellars, diversity would still be lacking because, as an unincorporated asso-

---

1. Fruitiere moved for summary judgment on the entire amount of the debt, claiming that the defendants had admitted liability in the answer. That motion was denied because there were fact issues concerning whether the defendants had in fact conceded liability. Fed.R.Civ.P. 56(c).

Plaintiff has since moved to amend its complaint and again asks for summary judgment. *See* Plaintiff's Notice of Motion dated March 8, 1990.

ciation, Sommelier's citizenship is the same as Bovineau's, the only member of that association. *See Carden v. Arkoma Associates.*, —— U.S. ——, 110 S.Ct. 1015, 1021–22, 108 L.Ed.2d 157 (1990); *United Steelworkers of America, AFL–CIO v. R.H. Bouligny, Inc.*, 382 U.S. 145, 149–53, 86 S.Ct. 272, 274–76, 15 L.Ed.2d 217 (1965).[2]

 Finally, even if the Court were to hold that the plaintiff was entitled to rely on the amended version of § 1332(a), the Court would nevertheless be compelled to dismiss the action because that amendment requires the amount in controversy be at least $50,000, *see* § 201(a), 102 Stat. 4646, and plaintiff's claim at best seeks only $24,-000.

Accordingly, it is

ORDERED that plaintiff's motion to file an amended complaint is denied; and it is further

ORDERED that plaintiff's motion for summary judgment is denied; and it is further

ORDERED that the defendant's motion to dismiss is granted; and it is further

ORDERED that the clerk is directed to close the above captioned action.

---

**2.** Since plaintiff's proposed amended complaint does not cure any of the jurisdictional defects discussed herein, the motion to amend is denied.