PHILAN INSURANCE LTD.,
and Benodet Insurance
Ltd., Plaintiffs,

v.

FRANK B. HALL & CO., INC., Frank B. Hall Re of New York, Inc., Frank B. Hall Re International, Inc., Frank B. Hall Re De Mexico, S.A., Rollins Burdick Hunter Co., Rollins Burdick Hunter of Bermuda, Ltd., Keough–Kirby Associates, Inc., Keough Kirby Re Ltd., Fielding Juggins Money & Stewart Ltd., trading as Fielding and Partners, PWS Marine Limited, Leonard Smith, Stephen Maloney, and Monroe Birnberg, Defendants.

No. 87 Civ. 4624 (RPP).

United States District Court,
S.D. New York.

Feb. 28, 1992.

Ohrenstein & Brown, New York City by Steven H. Rosenfeld, for plaintiffs.

Carro, Spanbock, Kaster & Cuiffo, New York City by Ronald DePetris, for defendant Smith.

Leonard Lake, New York City, for defendant Birnberg.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiffs filed their second amended complaint in this action for compensatory damages on May 19, 1989. This Court, by opinion and order dated October 9, 1990, 748 F.Supp. 190, dismissed the second amended complaint as against all Defendants other than Defendants Leonard Smith, Stephen Maloney, and Monroe Birnberg.[1] Subsequently several Corporate Defendants moved pursuant to Fed.R.Civ.P. 54(b) for entry of a final judgment, which motion was denied on April 23, 1991. 136 F.R.D. 80. Thereafter discovery commenced, and the Court signed numerous letters rogatory in August 1991 to permit overseas discovery.

Plaintiffs moved pursuant to Fed. R.Civ.P. 41 for a voluntary dismissal with prejudice of Counts One and Two of the Second Amended Complaint, alleging violations of 18 U.S.C. § 1962 ("the RICO counts"), on condition that this Court also dismiss Plaintiffs' remaining state claims for lack of subject matter jurisdiction. Plaintiffs claim that the purpose of their motion is to facilitate joinder of the individual Defendants in an action currently pending against the Corporate Defendants in New York Supreme Court, initiated after this Court dismissed Plaintiffs' claims against the Corporate Defendants. At that time, Plaintiffs could have voluntarily dismissed their claims against the Individual Defendants and joined them as defendants in the state court action but chose not to do so. Plaintiffs cite no authority allowing the filing of a conditional motion. Their motion, in effect, asks the Court to consider and decide a hypothetical question, namely whether it would dismiss the state

---

1. Defendants Smith, Maloney, and Birnberg are referred to herein as "the Individual Defendants." All other Defendants are collectively referred to as "the Corporate Defendants."

claims for lack of jurisdiction, although that question is not presently before this Court. For this reason, the Court denies Plaintiffs' motion. Nevertheless, the Court will review Plaintiffs' position on its merits.

Defendant Smith also moved pursuant to Fed.R.Civ.P. 37(d) for an order precluding Defendant Maloney, whom he claims has aligned himself with Plaintiffs, from testifying as a witness at trial, on the grounds that he failed to attend his own deposition and failed to respond to document requests. Defendant Smith specifically hinges his relief upon Defendant Maloney's continued failure to comply with discovery demands. DePetris Decl. in Supp. ¶ 11. Since Defendant Smith's motion was filed, Defendant Maloney has been deposed. Although the Court is unaware whether Mr. Maloney has completed his deposition or complied with the document requests, the Court declines to grant Defendant Smith's motion on that ground.

### DISCUSSION

1. Dismissal of State Claims

 Since Plaintiffs condition their motion on this Court's dismissal of the remaining state law claims, the Court first considers whether it would indeed dismiss those claims if it granted Plaintiffs' Rule 41(a)(2) motion as to the RICO counts. This Court may retain jurisdiction over the remaining state claims if it has an independent basis of jurisdiction, such as diversity jurisdiction, over them. Even if the Court lacks an independent basis of jurisdiction over the state claims, it may exercise pendent jurisdiction over those claims if substantial resources have already been expended in the action. *See Enercomp, Inc. v. McCorhill Publishing*, 873 F.2d 536, 545–46 (2d Cir.1989); *Philatelic Found. v. Kaplan*, 647 F.Supp. 1344, 1348 (S.D.N.Y. 1986). Factors weighing in favor of exercising pendent jurisdiction include lengthy pretrial litigation, numerous orders and memoranda already issued by the court, filing of a dispositive motion at a late stage of litigation, the district court judge's familiarity with the case, and delay to defendants in obtaining trial in state court. *Enercomp*, 873 F.2d at 546.

Initially, in their amended complaint, Plaintiffs alleged that federal subject matter jurisdiction existed by virtue of both diversity and their RICO claims. In Judge Walker's opinion in which he dismissed the amended complaint with leave to replead, 712 F.Supp. 339 (S.D.N.Y.1989), Judge Walker found that there was not complete diversity and that the sole basis for jurisdiction was 28 U.S.C. § 1331. Plaintiffs subsequently filed a second amended complaint, in which they alleged subject matter jurisdiction only under § 1331. This Court then dismissed the RICO counts as well as the remaining state claims in the second amended complaint as against the Corporate Defendants, which included several nondiverse Defendants. The dismissal left RICO claims remaining as against the Individual Defendants. It may have also created diversity.

 Plaintiffs claim that because "diversity jurisdiction did not exist at the time the action was commenced and was not applied as a basis of jurisdiction," the Court upon dismissal of the RICO counts would lack subject matter jurisdiction over the remaining state law claims. Pl.Mem. in Supp. at 11. Plaintiffs cite the general rule that "the existence or non-existence of diversity jurisdiction is determined at the commencement of an action." *Id.* Defendant Smith notes the "exception to the general rule applicable here, namely that courts frequently preserve diversity jurisdiction by dropping a nondiverse party." [2] Def.Mem. in Opp. at 17.

 This Court had jurisdiction over this action from its commencement pursuant to 28 U.S.C. § 1331, based on the RICO

---

**2.** Courts are permitted to drop nondiverse parties to cure a jurisdictional defect, so long as such parties are not "indispensable." *See, e.g., Samaha v. Presbyterian Hosp.,* 757 F.2d 529, 531 (2d Cir.1985). This exception is applicable in cases where, but for the dropping of the nondi- verse and not indispensable parties, the court would lack federal jurisdiction. It is inapposite here where before the dismissal of the nondi- verse-non-indispensable Corporate Defendants this Court had jurisdiction pursuant to 28 U.S.C. § 1331.

counts. If the dismissal of the nondiverse Corporate Defendants from the case created diversity jurisdiction as well, such diversity must be based upon the citizenship of the remaining parties at the time the action was commenced. *See D'Arbois v. Sommelier's Cellars,* 741 F.Supp. 489, 490 (S.D.N.Y.1990). The second amended complaint affirmatively alleges facts sufficient to determine diversity of citizenship as between Plaintiffs and the Individual Defendants. *See Grace v. American Central Ins. Co.,* 109 U.S. 278, 284, 3 S.Ct. 207, 210–11, 27 L.Ed. 932 (1883); *Hodas v. Lindsay,* 431 F.Supp. 637, 640 (S.D.N.Y. 1977). It alleges that Plaintiffs are incorporated in the Cayman Islands, and that their principal place of business is in the Cayman Islands [3]; Defendant Smith is a citizen of New York; Defendant Maloney is a citizen of Rhode Island; and Defendant Birnberg is a citizen of New York.[4] Although Plaintiffs specifically pled jurisdiction based only on 28 U.S.C. § 1331, this Court may take notice of the existence of diversity jurisdiction as based on the allegations in the complaint. *See* 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1206, at 91–92 (2d ed. 1990).

Plaintiffs rely heavily on *Zepik v. Tidewater Midwest,* 719 F.Supp. 751, 755 (N.D.Ind.1989), for the argument that, where diversity is not a basis for jurisdiction at the commencement of the action, federal jurisdiction is not created by the dismissal of federal question claims against the only nondiverse party. *Zepik* does not cite any case law for its conclusion and in any event is not binding on this Court. In *Baylis v. Marriott Corp.,* 843 F.2d 658 (2d Cir.1988), the Second Circuit indicated that

the opposite conclusion would be reached in this circuit. In *Baylis,* the amended complaint alleged federal question jurisdiction based on claims against a new defendant, and diversity was eliminated from the amended complaint as a basis for jurisdiction, presumably because the new defendant, Pan Am, was nondiverse. 843 F.2d at 665. The Second Circuit noted:

> With the case against Pan Am dismissed, diversity may again exist between plaintiff and defendant. If on remand plaintiffs are granted leave to amend their complaint to assert diversity jurisdiction, and if the district court determines that diversity exists, the court should permit the case ... to proceed as a diversity action. This could be more economical than remanding the suit to the state court for immediate removal back to the district court.

*Id.* (citation omitted).

Accordingly, there is authority for this Court to hold that diversity should be examined in light of the prior dismissals in this case and, if complete diversity now exists, not to dismiss the remaining state claims for lack of subject matter jurisdiction. Nevertheless, because Defendant Smith claims Plaintiffs' headquarters are in Rhode Island, and because it is not entirely clear what Defendant Maloney's role in this lawsuit is, the Court does not so hold. Instead, the Court declines to dismiss the state claims on grounds of judicial economy and fairness to the Individual Defendants. As discussed infra, Plaintiffs delayed before bringing the instant motion, and the case has progressed sufficiently to render it unfair to cause the Individual Defendants to defend the same claims anew in

3. Section 1332(c) applies to alien corporations, and thus Plaintiffs' principal place of business is relevant to whether diversity exists. *See Clifford Corp. N.V. v. Ingber,* 713 F.Supp. 575, 576 (S.D.N.Y.1989) (citing cases). Defendant Smith asserts that Plaintiffs' principal place of business is Rhode Island. Since, if correct, this would destroy diversity, Defendant Smith argues that Defendant Maloney should be realigned as a Plaintiff in light of his cooperation and settlement agreement with Plaintiffs.

4. Plaintiffs argue that diversity may not exist because this Court on April 23, 1991 denied a

motion by several of the Corporate Defendants for entry of a final judgment. "Finality" under Fed.R.Civ.P. 54(b) generally refers to the appealability of a Court's order. *See* 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2654, at 35 (2d ed. 1983). If, as Plaintiffs suggest, it means that the Corporate Defendants are still "parties" to this action for diversity purposes and thus that this Court has no diversity jurisdiction, presumably it then also means that the Court retains its federal question jurisdiction.

state court.[5] Accordingly, the Court does not grant Plaintiffs' condition, and it considers Plaintiffs' Rule 41 motion withdrawn. *See* Pl.Mem. in Supp. at 9 (requesting voluntary dismissal with prejudice of Counts One and Two "but only conditioned upon the Court's decision to dismiss the remainder of the action"). A separate and independent ground for the denial of Plaintiffs' Rule 41 motion exists as well.

### 2. Rule 41(a)(2) Motion

 Plaintiffs stress that they seek dismissal of Counts One and Two with prejudice and suggest that their motion ought therefore be granted more readily. However, Plaintiffs expressly assert that they wish to bring the remaining state claims in state court; thus, their motion to dismiss Counts One and Two is more akin to a Rule 41(a)(2) motion for voluntary dismissal without prejudice. Factors relevant to a motion to dismiss without prejudice include "the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 255, 112 L.Ed.2d 213 (1990).

Litigation in this case has been pending in this Court for more than four years. Plaintiffs waited more than a year after the Court dismissed their claims against the Corporate Defendants before bringing the instant motion to dismiss Counts One and Two against the Individual Defendants. In the meantime, discovery in this case has been proceeding. Depositions have been taken, and documents have been produced. Letters rogatory have been issued to take document discovery and testimony of individuals in Bermuda, England, and the Cayman Islands. Substantial resources of this Court have been expended

in this case, and the Court is familiar with the issues. Lastly, the Individual Defendants would be prejudiced by the inevitable delay in trial that would occur if the state claims were initiated in state court. The trial conference in this action is currently scheduled for March 23, 1992. Under these circumstances, Plaintiffs' motion to dismiss Counts One and Two is denied.

### CONCLUSION

For the foregoing reasons, Plaintiffs' and Defendant Smith's motions are denied. All counsel are to attend a pretrial conference on Friday, March 6, 1992, at 4:00 p.m. in Courtroom 302.

IT IS SO ORDERED.

---

**5.** As of mid-November 1991, motions to dismiss were pending in the action in state court and discovery had been stayed. Rosenfeld Aff. in Supp. at 5, n. 5. Trial in the state court action is unlikely to take place at any time in the near future, especially in view of New York State's current judicial budget crisis.