UNITED STATES of America, Appellee,

v.

Douglas LIVESAY, Appellant.

No. 92–2514.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 10, 1992.

Decided Jan. 12, 1993.

Richard G. Cenci, Fresno, CA, argued, for appellant.

Thomas J. Wright, Asst. U.S. Atty., Sioux Falls, SD, argued, for appellee.

Before McMILLIAN, Circuit Judge, FRIEDMAN,* Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

In July, 1991, the United Parcel Service (UPS) office in Sioux Falls, South Dakota,

---

* The HONORABLE DANIEL M. FRIEDMAN, Senior Circuit Judge for the Federal Circuit, sitting by designation.

received a package to be shipped to Doug Livesay in Fresno, California. On the outside of the box was imprinted "ORM," which stands for "other regulated [dangerous] material." Believing that the package might contain hazardous chemicals (which UPS is not permitted to ship), a UPS supervisor opened it and found $3,200 in cash. UPS does not accept cash to be shipped. The supervisor therefore contacted a UPS security officer, who reviewed company records on packages sent to or from the address of the sender that was marked on the package. The security officer found that packages had been sent regularly since January, 1991, from the Sioux Falls address to Fresno and that other packages had been received regularly by the Sioux Falls address from Fresno. The two UPS employees then contacted the police department.

A detective came to the UPS office and looked at the money. After consulting with his superiors, he requested UPS to go ahead and send the money to the Fresno address. The UPS employees repacked the money in a different box and shipped it to Fresno.

Evidently at the request of the police, UPS employees notified the detective a few days later that a package was being sent from Fresno to the Sioux Falls address. The detective then prepared an affidavit asking for a warrant to search the incoming package. The warrant was issued. When the package arrived in Sioux Falls, the detective opened it and found two ounces of what later was determined to be cocaine.

The detective then prepared an affidavit asking for a warrant to search the house to which the package was being sent. The warrant was issued. The detective substituted powdered coffee creamer for the substance originally sent, rewrapped the package, and, posing as a UPS delivery person, took the package to its destination in Sioux Falls. Shortly thereafter, federal drug enforcement agents and other police officers came to the house and executed the search warrant. They found guns, scales, and cutting agents. The two residents of the house, Bruce and Lori Livesay, were questioned. An indictment was subsequently filed in South Dakota, charging Doug Livesay, Bruce Livesay's brother, with multiple counts of drug-related charges. Doug Livesay was arrested and brought to South Dakota for trial.

Before trial, Doug Livesay filed various motions to suppress evidence. All were denied. At trial, Doug Livesay was convicted on 14 felony counts. In June, 1992, he was sentenced to 60 months in prison. He now appeals his conviction. Mr. Livesay contends on appeal that the warrantless search of the package with the $3,200 was unlawful and that no probable cause existed for issuance of the two search warrants. He contends, therefore, that all of the evidence related to the money, the cocaine found, and the items seized from the house should have been suppressed. We affirm the trial court.[1]

## I.

Mr. Livesay first moved to suppress any evidence about the original package opened by the UPS employees—the one containing the $3,200. As he himself acknowledges, however, a search by a private party with no government knowledge or participation does not violate the fourth amendment, nor does a subsequent search of the same scope by the police while the package remains in the hands of the private party who originally opened it. *See, e.g., United States v. Boyer*, 914 F.2d 144, 146 (8th Cir.1990), *cert. denied*, — U.S. ——, 111 S.Ct. 1110, 113 L.Ed.2d 219 (1991); *see also United States v. Moore*, 943 F.2d 884, 887–88 (8th Cir.1991), and *United States v. Mithun*, 933 F.2d 631, 634–35 (8th Cir.1991), *cert. denied*, — U.S. ——, 112 S.Ct. 201, 116 L.Ed.2d 161 (1991).

Mr. Livesay directs us to no evidence indicating either that the UPS employees opened the package for any reason other than their concern about whether it contained hazardous materials or that the police searched it to any greater extent than

1. The Honorable John B. Jones, United States District Judge for the District of South Dakota.

the UPS employees did. The trial court was therefore correct in denying the motion to suppress evidence about the original package.

## II.

The government raises in a footnote but then seems to abandon the question of Mr. Livesay's standing to object to the search of the package with the cocaine sent to Sioux Falls. Although the package showed a fictitious name and return address for its origin in Fresno, Mr. Livesay admitted in court that he had mailed the package in question. We ignore this issue, since the government evidently concedes it.

■■■ We believe that it is unnecessary to reach the question of whether probable cause existed for the issuance of the two search warrants. This is because it is well settled that in the absence of unusual circumstances, evidence seized pursuant to a search warrant that is subsequently invalidated is still admissible. *See United States v. Leon*, 468 U.S. 897, 913, 921–23, 922–23 n. 23, 926, 104 S.Ct. 3405, 3415, 3419–20, 3420 n. 23, 3422, 82 L.Ed.2d 677 (1984). Our inquiry must focus, then, on whether the circumstances in this case were so unusual that the trial court should have suppressed the evidence obtained pursuant to the two search warrants.

The Supreme Court has identified at least three instances when evidence obtained under a search warrant may be suppressed—when a police officer's reliance on the magistrate's probable cause determination was unreasonable, judged by an objective standard, *id.* at 913, 922, 922–23 n. 23, 926, 104 S.Ct. at 3415, 3420, 3420 n. 23, 3422; when, in making a probable cause determination, the magistrate was misled by information in an affidavit that was known to be false or would have been known to be false if the affiant had not recklessly disregarded the truth, *id.* at 923, 926, 104 S.Ct. at 3421, 3422; and when the magistrate who issued the warrant departed from a neutral stance, *id.* at 913, 926, 104 S.Ct. at 3415, 3422.

Mr. Livesay's arguments on this issue are somewhat nebulous. He seems to contend, however, that the detective in this case was the affiant for the first warrant application, and therefore knew that the affidavit contained only stale information about reported drug sales by Bruce Livesay five years previously, the assertion that Bruce Livesay had been associated with a person convicted of drug offenses, and an uncorroborated anonymous tip that "heavy drug activity" was taking place in the block where Bruce Livesay lived. As a consequence, Mr. Livesay asserts, the detective "knew" that probable cause did not exist and, therefore, could not have had an objectively reasonable belief in the validity of the warrant issued for a search of the incoming package. As to the warrant for a search of the house, Mr. Livesay contends that it was issued based only on evidence associated with the search of the package. Since the warrant as to the package was invalid, Mr. Livesay argues, any evidence obtained in the search of the house was tainted and therefore inadmissible.

Mr. Livesay's argument might be more persuasive if it were more accurate in its description of the contents of the affidavit for the first search warrant. As the government points out, however, the detective's affidavit contained not only the statements summarized by Mr. Livesay but also assertions that the detective was initially contacted in July, 1991, by a UPS employee about a package intended for Doug Livesay in Fresno, California, that had been opened because there was reason to believe that it might contain hazardous materials; that the sender, identified on the package as B.J. Livesay, had listed the package's contents as "old Barbie doll clothes"; that the package actually contained $3,200; that UPS had determined that B.J. Livesay or Bruce J. Livesay had regularly shipped, since January, 1991, at least ten packages to Doug Livesay in Fresno; that individuals at B.J. Livesay's address had regularly received, in the same period, at least ten return shipments from Fresno; that an inquiry to utility companies had revealed that Bruce and Lori Livesay lived at the address given by B.J. Livesay; that the detective had learned from UPS that a package was en route from Fresno to L. Livesay; that

the return address on the package from Fresno was a fictitious one, according to the police in Fresno; that the detective knew "from education and experience" that "sending controlled substances and marijuana through the postal system [was] a common practice by those involved in the sale and distribution of narcotics"; that "the use of false addresses and mislabeling of contents is also common practice to avoid detection"; that the use of "cash instead of secure cashiers checks and money orders is also a way to avoid detection"; and that "[b]ecause of the events above and because of the pattern of sending and receiving," the detective believed that the package en route to Sioux Falls would "be containing controlled substances or marijuana."

As noted above, we do not determine whether such assertions in an affidavit amount to probable cause under the totality of the circumstances, *i.e.*, whether those assertions provide facts sufficient to establish "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). We do hold, however, that, given the details included in the affidavit, its length, and Mr. Livesay's failure to direct us to any material misstatements or omissions in the affidavit, the detective's reliance on the magistrate's probable cause determination was objectively reasonable. *See United States v. Leon*, 468 U.S. at 913, 922, 922–23 n. 23, 926, 104 S.Ct. at 3415, 3420, 3420 n. 23, 3422, and *United States v. Gibson*, 928 F.2d 250, 253–54 (8th Cir.1991). We affirm, therefore, the trial court's denial of the motion to suppress evidence related to the search of the package with the cocaine and the search of the house and need not decide the issue of Mr. Livesay's standing to object to the search of the house.

### III.

For the reasons stated, we affirm the judgment of the trial court.