# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-2342

_____

Shirley Ann Franklin,

        Appellant,

v.

Harry A. Zain, M.D.,

        Appellee.

\* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Eastern District of Arkansas

_____

Submitted: June 5, 1998

Filed: August 7, 1998

_____

Before McMILLIAN, BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Shirley Ann Franklin appeals from a final order entered in the United States District Court[1] for the Eastern District of Arkansas dismissing her negligence claim

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

against Dr. Harry A. Zain for lack of subject matter jurisdiction. <u>Franklin v. Wallace</u>, No. LR-C-96-934 (E.D. Ark. June 3, 1998) (order following remand for clarification); <u>id.</u> (Apr. 11, 1997) (order remanding case to state court). For reversal, Franklin argues the district court erred in dismissing her claim because her complaint stated a claim against Zain under 42 U.S.C. § 1983. For the reasons discussed below, which are different from those relied upon by the district court, we modify the order of the district court to dismiss the pendent state claim without prejudice and to toll the period of limitations as noted and affirm the order as modified.

The district court had subject matter jurisdiction over this civil rights complaint under 28 U.S.C. §§ 1331, 1343; as discussed below, the district court had supplemental jurisdiction over the pendent negligence claim against Zain under 28 U.S.C. § 1367. The notice of appeal was timely filed under Fed. R. App. P. 4(a). We have jurisdiction over the final order of the district court under 28 U.S.C. § 1291.

In November 1996 Franklin filed a complaint in federal district court against Zain, the state of Arkansas, the Arkansas Department of Corrections (ADC), and Virginia Wallace, in her official capacity as Warden of the ADC's Tucker Unit for Women, in violation of 42 U.S.C. §§ 1983, 1985. The complaint did not assert diversity as a basis for subject matter jurisdiction. According to her complaint, in 1994 Franklin was an ADC inmate; she sought medical treatment for urinary tract problems from June to November 1994; ADC employees provided medical treatment on several occasions which failed to adequately treat her problems. On November 28, 1994, the state made arrangements for Zain to treat Franklin. Because Zain confused her with another patient, Zain told Franklin that her tests showed she had cervical cancer. Zain performed a biopsy and afterward explained the confusion and told her the biopsy had been unnecessary. Franklin's urinary tract problems went untreated, and she experienced swelling, bleeding and pain that continued through January 1995 because of the unnecessary biopsy. ADC scheduled another appointment for Franklin to see Zain, but she declined to see him.

In her complaint Franklin alleged that "the acts and conduct of Defendants" in mistakenly testing for cervical cancer instead of treating the urinary tract infection constituted deliberate indifference to her serious medical needs. She also asserted a pendent state claim for negligence against Zain. The complaint described Franklin and the individual defendants as residents of Arkansas. Zain filed an answer asserting the district court lacked jurisdiction over him and the claim against him should have been brought in state court; he also denied that he was a resident of Arkansas. The state defendants filed motions to dismiss. The district court dismissed the federal civil rights claim against the state defendants on the ground of Eleventh Amendment immunity and granted Franklin's motion to amend the complaint to add a claim against defendant Wallace in her individual capacity. Slip op. at 3 (Mar. 12, 1997) (order).

Zain then filed a motion to remand the remaining pendent state claim to state court under 28 U.S.C. § 1367(c)(3). Zain characterized Franklin's complaint as a civil rights action that included a pendent state claim for negligence against him. He argued that the dismissal of the underlying federal civil rights claim against the state defendants left no independent basis for subject matter jurisdiction over the pendent state claim for negligence against him except supplemental jurisdiction under 28 U.S.C. § 1367. Franklin filed an untimely response to the motion to remand. The response did not make any specific argument but instead admitted or denied the allegations in the motion to remand. The response denied the paragraph which asserted that the district court had dismissed the underlying federal civil rights claim against all the defendants.

Franklin also filed an amended complaint adding two new defendants, PHP Healthcare Corp. (PHP), an organization under contract with the state to provide healthcare to ADC inmates, and another individual who was an employee of either ADC or PHP. The amended complaint stated that Zain was a resident of Tennessee but did not assert diversity as a basis for subject matter jurisdiction. The district court struck the amended complaint on the ground that it had authorized Franklin only to amend her complaint by adding an individual capacity claim against Wallace. Slip op.

at 2 (Apr. 11, 1997) (order) (noting that, pursuant to Fed. R. Civ. P. 15, party cannot amend complaint after responsive pleading has been filed without leave of court). The district court also granted Zain's motion to remand on the ground that the only remaining claim was a pendent state claim, not a federal claim, and "closed" the case. Id. This appeal followed.

For reversal, Franklin argued that her complaint stated a federal civil rights claim against Zain under 42 U.S.C. § 1983 and the district court therefore had no discretion to remand her claim to state court. She acknowledged that the claim against Zain individually was set forth under the heading "pendent state claim" but argues that the complaint made clear that all the defendants, including Zain, were being sued pursuant to 42 U.S.C. § 1983. She argued that both the unnecessary biopsy and the failure to treat her urinary tract problems constituted deliberate indifference to her serious medical needs in violation of the Eighth Amendment. Zain argued that Franklin consistently referred to her claim against him as a pendent state claim throughout the district court proceedings and that she cannot re-label her claim against him as a federal civil rights claim for the first time on appeal.

After the briefs were filed, we noted that, because this case was initially filed in federal district court, not state court, it was not a removed case and therefore could not be remanded to state court. E.g., Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988) (discussing removal and remand under 28 U.S.C. § 1441). We remanded the case to the district court for the limited purpose of allowing the district court to clarify its April 1997 order. Relying on the reasons stated in its April 1997 order, the district court denied the motion to remand and dismissed the case for lack of subject matter jurisdiction. Slip op. (June 3, 1998) (order following remand for clarification). We have considered the parties' arguments and have carefully reviewed the record. For the reasons discussed below, which are different from those relied upon by the district court, we affirm the order of the district court. E.g., United States v. Sager, 743 F.2d

1261, 1263 n.4 (8th Cir. 1984) (court of appeals can affirm judgment of district court on any ground supported by the record), cert. denied, 469 U.S. 1217 (1985).

First, we agree with Franklin that her complaint asserted a federal civil rights claim against all the defendants, including Zain. As noted above, the complaint alleged "the acts and conduct of Defendants" constituted deliberate indifference to her serious medical needs. In the remand order the district court described the complaint as alleging claims under 42 U.S.C. §§ 1983, 1985 against Wallace, in her official capacity, the state, and Zain, and a pendent state law claim against Zain. Slip op. at 1 & n.1 (Apr. 11, 1997) (order). The district court had subject matter jurisdiction over the federal civil rights claim against Zain. However, even considering all well-pleaded factual allegations in the complaint to be true, the complaint at most alleged negligence or possibly gross negligence. Zain confused Franklin with another patient, Franklin underwent an unnecessary medical test, and her medical problems were not treated. Arrangements were made for follow-up treatment by Zain, but Franklin declined to see him. Zain did not refuse to treat her once he realized his mistake. See Estelle v. Gamble, 429 U.S. 97, 107 (1976) (medical negligence is not enough to maintain a 42 U.S.C. § 1983 action for deliberate indifference); Estate of Rosenberg ex rel. Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (showing of even gross negligence is not enough to establish deliberate indifference to serious medical needs). Because Zain was not deliberately indifferent to Franklin's serious medical needs, the complaint failed to state an Eighth Amendment claim against Zain and the district court correctly dismissed it.

After the district court dismissed the underlying federal civil rights claim against the state defendants (Franklin has not appealed the dismissal of the state defendants) and Zain, the only remaining claim was the pendent state claim against Zain. Franklin failed to assert an independent jurisdictional basis for the pendent state claim in the

proceedings in the district court.[2] The district court had supplemental jurisdiction under 28 U.S.C. § 1367(a) over the pendent state claim which arose out of the same incidents and addressed the same course of conduct as the underlying federal civil rights claim. Unlike a claim over which it has original jurisdiction, the district court may decline to exercise supplemental jurisdiction over a pendent state claim if it has dismissed all claims over which it has original jurisdiction. Id. § 1367(c)(3). In our view, that is what in effect happened in the present case. The district court had subject matter over the federal civil rights claim against all the defendants and supplemental jurisdiction over the pendent state claim against Zain; once the district court dismissed the federal civil rights claim against the state defendants on immunity grounds and against Zain for failure to state a claim, the only remaining claim was the pendent state claim against Zain, for which no independent jurisdictional basis had been asserted; having dismissed all claims over which it had original jurisdiction, the district court declined to exercise supplemental jurisdiction over the pendent state claim, first by remanding and "closing" the case, and then by dismissing it.

We hold the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the pendent state claim pursuant to 28 U.S.C.

---

[2]There may have been complete diversity of citizenship once the state defendants had been dismissed. See Baylis v. Marriott Corp., 843 F.2d 658, 665 (2d Cir. 1988) (holding diversity jurisdiction may exist once federal claims are dismissed against only nondiverse party); Philan Ins. Ltd. v. Frank B. Hall & Co., 786 F. Supp. 345, 348 (S.D.N.Y. 1992) (holding existence of diversity jurisdiction should be considered in light of dismissal of RICO counts and nondiverse defendants). The complaint alleged Franklin was a resident of Arkansas, Zain's answer denied he was a resident of Arkansas, and the amended complaint, which the district court struck for non-compliance, stated Zain was a resident of Tennessee. However, Franklin did not allege diversity jurisdiction in either the complaint or the amended complaint or in her brief on appeal, and the district court did not consider diversity as an independent jurisdictional basis.

§ 1367(c)(3).  Pursuant to 28 U.S.C. § 1367(d), the period of limitations for the pendent state claim shall be tolled for the period while the claim was pending and for a period of 30 days after it is dismissed unless state law provides for a longer tolling period.

Accordingly, the order of the district court is modified to dismiss the pendent state claim without prejudice and to toll the period of limitations as noted.  The order of the district court is affirmed as modified.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.