# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3116

_____

George Lee Coleman,                                    *
                                                       *
            Appellant,                                 *
                                                       *
      v.                                               *   Appeal from the United States
                                                       *   District Court for the
State Farm Fire & Casualty Company;                    *   Eastern District of Arkansas.
Robert Hamilton, Local                                 *
Representative; Mike Burton, Local                      *        [UNPUBLISHED]
Representative; Anna Local                              *
Representative; Joel Hicks,                             *
Mechanical Engineer,                                   *
                                                       *
            Appellees.                                 *

_____

Submitted: January 6, 1999
Filed: January 19, 1999

_____

Before FAGG, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

      George Lee Coleman filed the instant action under 42 U.S.C. § 1983 and state law, claiming that his fire insurance company and its employees violated his Fourth Amendment rights and destroyed evidence, stole property, and trespassed when they examined his home after a fire. Defendants moved to dismiss under Federal Rules of

Civil Procedure 12(b)(1) and 12(b)(6).  The district court[1] granted their motion, and Coleman appeals.

As the district court held, the Fourth Amendment does not protect against unlawful search and seizure by private persons without government involvement.  See United States v. Livesay, 983 F.2d 135, 136 (8th Cir. 1993).  We thus agree with the court that Coleman failed to state a section 1983 claim.  See West v. Atkins, 487 U.S. 42, 48 (1988) (to state claim under § 1983, plaintiff must allege violation of constitutional right and must show deprivation was committed by person acting under color of state law).  Additionally, we conclude that the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Coleman's state law claims, see 28 U.S.C. § 1367(c)(3), although the dismissal of these claims should be without prejudice, see Franklin v. Zain, 152 F.3d 783, 786 (8th Cir. 1998).

Accordingly, we affirm the judgment but modify the dismissal of the pendent state claims to be without prejudice.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.