# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-2171

———————

William G. Carter, and others similarly   *
situated,   *
  *
          Appellant,   *
  *   Appeal from the United States
     v.   *   District Court for the
  *   Eastern District of Missouri.
Julia Hassell, (SA); Jay Englehart;   *
Dillian Hogan; Janet Sidebottom,   *     [UNPUBLISHED]
  *
          Appellees.   *

———————

Submitted: October 21, 2005
Filed: October 25, 2005

———————

Before MELLOY, MAGILL, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

William G. Carter, confined to the Missouri Sexual Offender Treatment Center, brought an action alleging violations of 42 U.S.C. § 1983 and state law. On defendants' motion, the district court[1] dismissed the complaint for failure to state a claim. Having reviewed the record and appellate submissions, see Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam) (de novo review), we agree Carter's

———————

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

federal claims were barred by the Eleventh Amendment because he named defendants only in their official capacities.  See Randolph v. Rogers, 170 F.3d 850, 859 (8th Cir. 1999) (Eleventh Amendment bars federal court from ordering state officials to conform conduct to state law); Morstad v. Dep't of Corr. & Rehab., 147 F.3d 741, 743-44 (8th Cir. 1998) (Eleventh Amendment immunity bars § 1983 lawsuit against state official in official capacity even if state entity is moving force behind deprivation of federal rights); Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997) (without clear statement that officials are being sued in personal capacities, complaint is interpreted as including only official-capacity claims).

Accordingly, we affirm.  See 8th Cir. R. 47B.  However, we modify the dismissal of the state-law malpractice claim--over which the district court implicitly refused to exercise jurisdiction, see Franklin v. Zain, 152 F.3d 783, 784-86 (8th Cir. 1998)--to be a dismissal without prejudice, Labickas v. Ark. State Univ., 78 F.3d 333, 334-35 (8th Cir.) (per curiam), cert. denied, 519 U.S. 968 (1996).

_____