# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4214

_____

| | | |
|---|---|---|
| Gene R. Romero, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Pinnacle Equities, LLC; Phillip A. | * | District Court for the |
| Gesue, Individually and/or official | * | Western District of Missouri. |
| capacity as Director of Acquisitions & | * | |
| Development of Time Equities, Inc.; | * | [UNPUBLISHED] |
| Time Equities, Inc.; Edward Alan | * | |
| Waterman, Individually and/or his | * | |
| official capacity as Project Manager | * | |
| for Time Equities, Inc.; Pro Circuit, | * | |
| Inc.; Prudential Signature Property | * | |
| Management, LLC, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: July 7, 2008
Filed:  July 11, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Gene Romero appeals the district court's[1] dismissal of his action claiming, inter alia, that defendants violated the Fair Housing Act (FHA), 42 U.S.C. §§ 3601-3631, and Missouri law by evicting him from his apartment in retaliation for reporting health code violations in connection with renovations of nearby apartments. The district court dismissed all of Romero's claims under Federal Rule of Civil Procedure 12(b)(6), except his state-law claim of retaliatory eviction against Phillip Gesue and Edward Alan Waterman, and his state-law claim of breach of the warranty of habitability against Pinnacle Equities, LLC. The court subsequently dismissed the two remaining state-law claims for lack of subject matter jurisdiction.

On appeal, Romero does not challenge any of the district court's Rule 12(b)(6) dismissals except the dismissal of his retaliatory eviction claim under the FHA. *See Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 634 (8th Cir. 2007) ("points not meaningfully argued in an opening brief are waived"). Upon careful review of the record and the parties' arguments on appeal, we agree with the district court's conclusion that Romero failed to state a retaliatory eviction claim under the FHA, because nothing in the amended complaint stated or implied that his eviction was in any way based on, or related to, a factor protected under the FHA. *See* 42 U.S.C. §§ 3617 ("It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."); 3603 (describing types of dwellings protected under FHA); 3604-3606 (making it unlawful in housing context to discriminate against any person based on race, color, religion, sex, handicap, familial status, or national origin).

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

We further hold that the district court did not err in dismissing Romero's two remaining state-law claims for lack of subject matter jurisdiction. *See* 28 U.S.C. §§ 1367(c)(3) (court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction); 1332 (for diversity jurisdiction, amount in controversy must exceed $75,000); *Advance Am. Servicing of Ark., Inc. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008) (dismissal for lack of subject matter jurisdiction reviewed de novo; party invoking federal jurisdiction has burden to prove requisite amount by preponderance of evidence; "[a] complaint will be dismissed for lack of subject matter jurisdiction if it appears to a legal certainty that the value of the claim is less than the required amount of $75,000"); *Mo. ex rel. Pemiscot County, Mo. v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995) (when determining amount in controversy, court scrutinizes claim for punitive damages more closely than claim for actual damages to ensure that Congress's limits on diversity jurisdiction are properly observed).

However, we modify the judgment to reflect that Romero's state-law claims of retaliatory eviction and breach of the warranty of habitability – to the extent they were dismissed for lack of subject matter jurisdiction – are dismissed without prejudice, *see Franklin v. Zain*, 152 F.3d 783, 786 (8th Cir. 1998), and we affirm the judgment as modified.

_____