# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2195

_____

Kevin Chambers,                          *
                                         *
          Appellant,                     *
                                         *   Appeal from the United States
     v.                                  *   District Court for the
                                         *   Eastern District of Missouri.
Michael Pennycook, Agent,                *
St. Louis County Drug Task Force;        *   [UNPUBLISHED]
Bradley Kelling, Officer;                *
Andria Van Mierlo,                       *
                                         *
          Appellees.                     *

_____

Submitted: February 16, 2010
Filed: February 23, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In this appeal after remand in his 42 U.S.C. § 1983 action, Kevin Chambers challenges the district court's[1] adverse grant of summary judgment in favor of the remaining defendants on his claims of excessive use of force and state-law assault and battery. Upon careful review, we conclude that the district court did not err in ruling

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

on the remaining defendants' summary judgment motions despite Chambers's pending interlocutory appeal, see Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam) (filing of notice of appeal, including interlocutory appeal, confers jurisdiction on court of appeals and divests district court of control over "those aspects of the case involved in the appeal"), and we find no basis for reversal, see Andrews v. Fuoss, 417 F.3d 813, 818 (8th Cir. 2005) (affirming district court's grant of summary judgment where officer administered "forceful blow" in arresting plaintiff, but plaintiff's evidence showed only minor injuries and temporary and slight aggravation of pre-existing conditions; plaintiff's injuries were "precisely the type of de minimis injuries that preclude a claim for excessive force"); Franklin v. Zain, 152 F.3d 783, 786 (8th Cir. 1998) (court may decline to exercise jurisdiction over state-law claims if it has dismissed federal claims; affirming dismissal of those claims without prejudice); see also Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006) (summary judgment decision reviewed de novo).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____