# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2625

_____

Sharon D. Johnson,

        Appellant,

v.

City of Pine Bluff; Carl Redus,

        Appellees.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Arkansas.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: February 3, 2012
Filed: February 8, 2012

_____

Before WOLLMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Sharon Johnson appeals the district court's[1] adverse grant of summary judgment on her Equal Pay Act (EPA) claim, 42 U.S.C. § 1983 equal protection claim, and state-law claims. Upon careful de novo review, we conclude summary judgment was properly granted on Johnson's EPA and equal protection claims, for the reasons stated by the district court. See Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (standard of review). We also conclude that the district court did not abuse its discretion by implicitly declining to exercise supplemental jurisdiction over

_____

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

Johnson's state-law claims, but we note that those claims should have been dismissed without prejudice. See Franklin v. Zain, 152 F.3d 783, 786 (8th Cir. 1998) (construing district court's action as declining supplemental jurisdiction where court closed and dismissed case, but modifying dismissal of state-law claims to be without prejudice). In addition, to the extent that Johnson's complaint may be construed as asserting violations of 42 U.S.C. § 1981, Title VII, and her due process rights, we conclude that such claims have been waived. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (appellant waives claim that is not meaningfully raised in opening brief).

Accordingly, we modify the dismissal of Johnson's state-law claims to be without prejudice, and we affirm the judgment of the district court, as modified. See 8th Cir. R. 47B.

_____