# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-1965

_____

Kenneth L. Blake; Sidney Lanier

*Plaintiffs - Appellants*

Lloyd Davis

*Plaintiff*

Sultan Lane

*Plaintiff - Appellant*

v.

Missouri Department of Corrections; Dwayne Kempker; Mike Kemna; Larry Denney; Terry Page; Darin Morgan; John Brown; Montgomery; Dana Hughes; Dan Greene; Russell Hollowell; Karon Gatton; M. Pettigrew; R. Lima; Bradley Bird; Vincent Negus; A. Francis; Doug Worsham; David Mansingh; Lilly Moore; Robin Norris; C.O.I. Cooper; John Does; Bradley Burd; Scott Cooper; Amy Francis; Brian Montgomery; Mandy Pettigrew; Kimberly Ross; James Helton; Wayne Hurley; Lora Welling; Tobey McMullen; Benjamin Brooke

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

_____

Submitted: November 4, 2013
Filed: November 8, 2013
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Missouri inmates Kenneth Blake, Sidney Lanier, and Sultan Lane appeal following the district court's adverse grant of summary judgment in their action under 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and state law. The district court's summary judgment orders, however, addressed only the RLUIPA and section 1983 free-exercise claims, and did not address all of the claims raised in the second amended complaint--including claims regarding equal protection, substantive and procedural due process, free speech, access to the courts, and the Eighth Amendment. There is thus no final order from which an appeal lies. In addition, the district court did not address the state-law claims, other than to recognize that such claims had been raised. Because the district court did not dispose of all of the federal claims, we will not conclude that the court implicitly declined to exercise supplemental jurisdiction over the state claims. Cf. Franklin v. Zain, 152 F.3d 783, 786 (8th Cir. 1998) (construing order dismissing all federal claims as implicitly declining to exercise jurisdiction over pendent state claims, and modifying dismissal of state claims to be without prejudice).

Accordingly, we lack jurisdiction over the instant appeal. See 28 U.S.C. § 1291 (courts of appeals have jurisdiction of appeals from final district court decisions); Huggins v. FedEx Ground Package Sys., Inc., 566 F.3d 771, 773 (8th Cir. 2009) (where it appears jurisdiction is lacking, appellate courts are obligated to consider sua sponte jurisdictional issues); Thomas v. Basham, 931 F.2d 521, 523-24 (8th Cir.

-2-

1991) (appeal was premature where some claims remained pending). The appeal is dismissed as premature, and the pending motions are denied as moot.

_____