# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1551

_____

Stephen Wayne Carlson

*Plaintiff - Appellant*

v.

Gittleman Management Corp.; Strobel & Hanson PA; Each director on the putative board of directors of Gallery Tower Condominium Association since August 1, 2009; Gary Edwards, purported GTCA board chair

*Defendants - Appellees*

_____

No. 13-1553

_____

Stephen W. Carlson

*Plaintiff - Appellee*

v.

Gittleman Management Corp.

*Defendant - Appellant*

Strobel & Hanson PA

*Defendant*

Each director on the putative board of directors of Gallery Tower Condominium Association since August 1, 2009; Gary Edwards, purported GTCA board chair

*Defendants - Appellants*

_____

No. 13-1555
_____

Stephen W. Carlson

*Plaintiff - Appellant*

v.

U.S. Bank Home Mortgage; Gittleman Management; Andrew Gittleman; Strobel & Hanson PA; Each director on the putative board of directors of Gallery Tower Condominium Association since August 1, 2009

*Defendants - Appellees*

_____

No. 13-1557
_____

Stephen W. Carlson

*Plaintiff - Appellee*

v.

U.S. Bank Home Mortgage

*Defendant*

Gittleman Management; Andrew Gittleman

*Defendants - Appellants*

Strobel & Hanson PA

*Defendant*

Each director on the putative board of directors of Gallery Tower Condominium Association since August 1, 2009

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: November 27, 2013
Filed: December 3, 2013
[Unpublished]

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Stephen Wayne Carlson appeals the district court's[1] adverse grant of summary judgment and dismissal of his civil complaints, in which he asserted a variety of federal and state-law claims based on events that occurred in connection with his

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Jeffrey J. Keyes, United States Magistrate Judge for the District of Minnesota.

ownership of a condominium unit and related foreclosure proceedings. The district court also imposed certain pre-filing restrictions on Carlson, which he challenges in this appeal as well. Several appellees have filed cross-appeals arguing that the majority of Carlson's claims should have been dismissed under the Rooker-Feldman[2] doctrine.

Upon careful de novo review, we conclude that the district court did not err in dismissing Carlson's complaints for the reasons that the court expressed, and also did not abuse its discretion in declining to exercise supplemental jurisdiction over the remaining state-law claims, although we modify the dismissal of those claims to be without prejudice, see Franklin v. Zain, 152 F.3d 783, 786 (8th Cir. 1998). As to the cross-appeals, we conclude that defendants were not aggrieved by the district court's judgment, and thus lack standing to appeal. We therefore dismiss those appeals for lack of jurisdiction. See United States v. Northshore Min. Co., 576 F.3d 840, 846 (8th Cir. 2009). Finally, we conclude that the district court did not abuse its discretion in imposing filing restrictions, also for the reasons explained by the court.

Accordingly, we affirm the judgment of the district court, and we dismiss the cross-appeals for lack of jurisdiction. See 8th Cir. R. 47B.

_____

[2]D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923).